UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gregory J. Johnson, | Case No. 15-cv-3789 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| G&K Services, Inc. Long Term Disability Plan and Reliastar Life Insurance Company, | |
| Defendants. | |

---

This matter is before the Court on the September 27, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 79.) The R&R recommends granting the motion for summary judgment of Defendants G&K Services, Inc. Long Term Disability Plan and Reliastar Life Insurance Company and denying Plaintiff Gregory J. Johnson's cross-motion for summary judgment. Johnson filed timely objections to the R&R, and the Defendants responded. For the reasons addressed below, the Court overrules Johnson's objections and adopts the R&R.

**BACKGROUND**

The relevant factual and procedural background is addressed in detail in the R&R and need not be repeated at length here to address Johnson's objections to the R&R.

Reliastar issued Group Policy No. 67459-1LTD (Policy) to G&K Services to provide, as relevant here, disability benefits for the employees of G&K Services. Johnson worked for G&K Services as a Data Services Manager until he submitted a

claim to Reliastar for short-term disability benefits after experiencing symptoms of nausea, dizziness, and headaches. After paying Johnson the maximum amount of short-term disability benefits, Reliastar transferred Johnson's file to its long-term disability department. Because Reliastar ultimately determined that Johnson did not meet the definition of "disability" under the Policy, Reliastar advised Johnson that his benefits would terminate effective August 1, 2013. Johnson appealed, and Reliastar upheld its determination. Following a second appeal by Johnson, Reliastar issued its final decision denying long-term disability benefits on August 27, 2014.

Johnson subsequently commenced this litigation, alleging that Defendants failed to properly pay him disability benefits pursuant to the Policy, in violation of the Employee Retirement Income Security Program (ERISA), 29 U.S.C. § 1132(a)(1)(B). The Court denied without prejudice the parties' initial cross-motions for summary judgment after discovering that the relevant insurance policy was not in the administrative record. After the parties supplemented the administrative record with the Policy and stipulated that the Policy required de novo review of Reliastar's decision to deny Johnson long-term disability benefits, the Court referred the parties' renewed cross-motions for summary judgment to Magistrate Judge Menendez.

On September 27, 2017, Magistrate Judge Menendez issued an R&R recommending that the Court grant Defendants' motion for summary judgment and deny Johnson's cross-motion for summary judgment because Johnson failed to establish by a preponderance of the evidence that he was disabled under the terms of the Policy. Johnson objects to the R&R. Defendants counter that the R&R should be adopted in full.

2

## ANALYSIS

Summary judgment is proper when the record establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802-03 (8th Cir. 2014). When asserting that a fact is genuinely disputed, the nonmoving party must cite "particular parts of materials in the record" that support the assertion. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

When, as here, an ERISA benefits plan does not require deference to the plan administrator's decision, the Court conducts a de novo review. *Groves v. Metro. Life Ins. Co.*, 438 F.3d 872, 873-74 (8th Cir. 2006). A plaintiff must establish disability by a preponderance of the evidence within the meaning of the governing plan. *Morgan v. UNUM Life Ins. Co. of Am.*, 346 F.3d 1173, 1177 (8th Cir. 2003); *Farley v. Benefit Tr. Life Ins. Co.*, 979 F.2d 653, 658 (8th Cir. 1992).

Johnson objects on two grounds, first, that the R&R contravenes *Marolt v. Alliant Techsystems, Inc.*, 146 F.3d 617 (8th Cir. 1998), and, second, that the R&R fails to assess Johnson's credibility thereby impermissibly limiting its analysis to the medical evidence in the administrative record. The Court reviews each objection de novo. *See* 28 U.S.C.

3

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

## I.     Application of *Marolt*

The parties dispute the application of *Marolt* and its effect on this proceeding. Because Reliastar did not provide Johnson timely and specific notice of the reasons for its decision to deny Johnson long-term disability benefits, Johnson contends, this litigation must be remanded pursuant to *Marolt*. Defendants counter that *Marolt* applies only when the denial of benefits is reviewed for an abuse of discretion and, even if *Marolt* applied, a remand is not necessary because Johnson received three "comprehensive benefit letters that explained the governing plan provisions, the evidence that was submitted and considered for review, and the specific reasons for the benefit denial."

Johnson's reliance on *Marolt* is misplaced. In *Marolt*, the Eighth Circuit affirmed a district court's determination that a plan administrator abused its discretion when it denied benefits without providing the claimant any rationale for its decision. 146 F.3d at 620. The Eighth Circuit reasoned, "[w]e will not permit ERISA claimants denied the timely and specific explanation to which the law entitles them to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation." *Id.* But here, unlike in *Marolt*, Johnson's benefit denial is reviewed de novo. *See Hillstrom v. Kenefick*, 484 F.3d 519, 528 (8th Cir. 2007) ("[W]e have held that upon de novo review of a denial of benefits, a trial court *must* consider all of the provisions of the policy in question . . . even where not relied upon by the plan administrator at the time the denial was made." (internal quotation marks omitted)). The timing and rationale of Reliastar's initial

4

decision are not relevant under de novo review because the Court's decision need not be tethered to that of the plan administrator. *See Hillstrom v. Kenefick*, No. 04-3820, 2005 WL 2271932, at *6 (D. Minn. Sept. 19, 2005) (rejecting application of *Marolt* when reviewing an ERISA claim de novo), *aff'd* 484 F.2d 519 (8th Cir. 2007). *Marolt* is inapplicable in this context, and Johnson's objection on this ground is overruled.

## II.   Weight of the Evidence

Johnson objects that the R&R "fails to delineate clear findings on Johnson's credibility" and, for that reason, impermissibly limits its analysis to "a weighing of the medical record evidence without first independently making a credibility adjudication." This objection is unavailing.

Under de novo review, the Court acts as the fact finder, makes credibility determinations, and weighs the evidence as applied to the governing insurance policy. *See, e.g.*, *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993); *Farley*, 979 F.2d at 660; *see also Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1069 (9th Cir. 1999); *Doe v. Unum Life Ins. Co. of Am.*, 116 F. Supp. 3d 221, 223 (S.D.N.Y. 2015).

Johnson contends that the R&R conducts an impermissibly limited analysis by weighing the medical evidence without assessing and considering Johnson's credibility. A review of the R&R establishes otherwise. The R&R specifically assesses Johnson's credibility, determines that aspects of Johnson's conduct contradict his claim that he is disabled, and concludes that "Johnson may be overstating his symptoms, or focusing on them to an unreasonable degree." In addition, the R&R thoroughly analyzes the entire

administrative record when assessing Johnson's claim for benefits. This analysis includes the assessment of Johnson's primary care providers at the onset of his symptoms, the attempts by various specialists to pinpoint the cause of Johnson's symptoms, Johnson's subjective account of his symptoms, Johnson's initial claim for disability benefits, Reliastar's review of Johnson's claim, Johnson's multiple appeals of Reliastar's denial of benefits, and the characterization of the administrative record throughout this litigation. Johnson's disagreement with the R&R's assessment of his credibility and weighing of the evidence does not render the R&R's analysis impermissibly narrow. The R&R's analysis is both supported by the record and legally sound

Because the R&R thoroughly analyzes the administrative record in light of Johnson's burden to demonstrate disability by a preponderance of the evidence under the terms of the Policy, Johnson's objection is overruled.

Finally, this Court reviews those portions of the R&R to which no objections have been made for clear error. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder*, 73 F.3d at 795. Having reviewed those portions of the R&R to which there are no objections, the Court concludes that the R&R is neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Gregory J. Johnson's objections to the R&R, (Dkt. 80), are **OVERRULED**.

2. The September 27, 2017 R&R, (Dkt. 79), is **ADOPTED**.

3. Defendant G&K Services, Inc. Long Term Disability Plan and Reliastar Life Insurance Company's motion for summary judgment, (Dkt. 57), is **GRANTED**.

4. Plaintiff Gregory J. Johnson's motion for summary judgment, (Dkt. 63), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  December 5, 2017                               s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge